UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MOORE,<br><br>        Plaintiff,<br>  v.<br>INX,INC. et al.,<br>        Defendants. | Case No. 11cv1108-AJB (MDD)<br><br>**CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br><br>(Fed. R. Civ. P. 16)<br>(Local Rule 16.1)<br>(Fed. R. Civ. P. 26) |

   A telephonic Case Management Conference was held on October 31, 2011. Based on the status of the case, and good cause appearing,

   **IT IS HEREBY ORDERED:**

   1.   Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial, on or before **December 9, 2011**. Defendant(s) (or the party(ies) defending any claim, counterclaim or crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **December 9, 2011**. Each party may supplement

its designation in response to the other party's(ies') designation no later than **December 30, 2011**.  Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

2.   All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **January 27, 2012**.  Any contradictory or rebuttal information shall be disclosed on or before **February 27, 2012.**  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).

The parties are advised to consult with Fed. R. Civ. P. 26(a)(2) regarding expert disclosures.  Such disclosures shall include an expert report, all supporting materials, a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the

expert in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness including a list of all publications authored by the witness within the preceding ten years, the compensation to be paid for the study and testimony, and a list of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

3. All discovery, including expert discovery, shall be completed by all parties on or before **March 26, 3012**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1.a. All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of

1 dispute or the passage of a discovery due date without response
2 or production, and only after counsel have met and conferred and
3 have reached impasse with regard to the particular issue. **A**
4 **failure to comply in this regard will result in a waiver of a**
5 **parties discovery issue. Absent an order of the court, no**
6 **stipulation continuing or altering this requirement will be**
7 **recognized by the court.**
8     4.   All other dispositive motions, including those
9 addressing *Daubert* issues, must be filed on or before **April 20,**
10 **2012**.  Please be advised that counsel for the moving party must
11 obtain a motion hearing date from the law clerk of the judge who
12 will hear the motion. Motions in Limine are to be filed as
13 directed in the Local Rules, or as otherwise set by Judge
14 Battaglia.
15     Questions regarding this case should be directed to the
16 judge's law clerk. The Court draws the parties' attention to
17 Local Rule 7.1(e)(4) which requires that the parties allot
18 <u>additional time for service of motion papers by mail</u>. Papers not
19 complying with this rule shall not be accepted for filing.
20     Briefs or memoranda in support of or in opposition to any
21 pending motion shall not exceed twenty-five (25) pages in length
22 without leave of the judge who will hear the motion. No reply
23 memorandum shall exceed ten (10) pages without leave of the judge
24 who will hear the motion.
25     5.   A Mandatory Settlement Conference shall be conducted on
26 **April 11, 2012** at **9:30 a.m.** in the chambers of Magistrate Judge
27 Mitchell Dembin.  Counsel shall submit **confidential** settlement
28 statements **directly** to Magistrate Judge Dembin's chambers no

later than **April 4, 2012**.

Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

All parties and claims adjusters for insured defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the Mandatory Settlement Conference. Outside retained corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. **All conference discussions will be informal, off the record, privileged, and confidential.** *Failure of required parties and counsel to appear <u>in person</u> will be cause for the imposition of sanctions.*

6. No Memoranda of Law or Contentions of Fact are to be filed.

7. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **June 8, 2012**. The parties should consult Fed. R. Civ. P. 26(a)(3) for the substance of the required disclosures.

**Please be advised that failure to comply with this section**

**or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of designated matters in evidence**.

9. The parties must meet and confer on or before **June 15, 2012**, and prepare a proposed pretrial order containing the following:

    1. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

    2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

    3(a). A list, in alphabetical order, of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    3(b). A list, in alphabetical order, of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

    3(c). A list, in alphabetical order, of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance

1 | of the witnesses' testimony.
2 |     4(a).    A list of all exhibits that counsel actually
3 | expect to offer at trial with a one-sentence description of the
4 | exhibit.
5 |     4(b).    A list of all other exhibits that counsel do
6 | not expect to offer at this time but reserve the right to offer
7 | if necessary at trial with a one-sentence description of the
8 | exhibit.
9 |     5.    A statement of all facts to which the parties
10 | stipulate. This statement must be on a separate page and will be
11 | read to and provided to the jury.
12 |     6.    A list of all deposition transcripts by page
13 | and line, or videotape depositions by section, that will be
14 | offered at trial.
15 |     7.    In addition to filing proposed jury
16 | instructions in accordance with Fed. R. Civ. P. 51 and CivLR
17 | 51.1, the parties must e-mail the proposed instructions in Word
18 | or Wordperfect form to Chambers. If a party disagrees with the
19 | wording of a particular instruction, the party must submit an
20 | alternate instruction.
21 |     The Court encourages the parties to consult with the
22 | assigned magistrate judge to work out any problems in preparation
23 | of the proposed pretrial order. Judge Battaglia will entertain
24 | any questions concerning the conduct of the trial at the pretrial
25 | conference.
26 |     10. The proposed final pretrial conference order, including
27 | written objections, if any, to any party's Fed. R. Civ. P.
28 | 26(a)(3) pretrial disclosures, shall be prepared, served, and

submitted to the Clerk's Office on or before **June 22, 2012** and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6).  Any objections shall comply with the requirements of Fed. R. Civ. P. 26(a)(3).  **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

11.  The final pretrial conference is scheduled on the calendar of the **Honorable Anthony Battaglia June 29, 2012** at **1:30 p.m.**  The trial date will be assigned by Judge Battaglia at the pretrial conference.

12.  The dates and times set forth herein will not be modified except for good cause shown.

13. Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

DATED: November 4, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge