APARAJIT BHOWMIK, Bar No. 068687
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 Calle Clara
La Jolla, CA 92037
Telephone:  (858) 551-1223
Facsimile: (858) 551-1232
Email: aj@bamlawlj.com

Attorneys for Plaintiff
CURTIS MOORE, an individual

LAURA E. DUFFY
United States Attorney
MICHAEL H. McCARTHY
Special Assistant U.S. Attorney
28 U.S.C. § 543
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619)546-7618
Email:  Michael.McCarthy@usdoj.gov

Attorneys for the Defendant,
RAYMOND E. MAYBUS

JEREMY A. ROTH, Bar No. 129007
JOSHUA D. LEVINE, Bar No. 239563
LITTLER MENDELSON, APC
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
Telephone:     619.232.0441
Facsimile:     619.232.4302
Email:  jroth@littler.com
Email:  jdlevine@littler.com

Attorneys for Defendant
INX, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MOORE, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>INX, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>    Defendant. | Case No.  11CV1108 AJB (MDD)<br><br>**FIRST AMENDED JOINT RULE 26(F) DISCOVERY PLAN** |

Pursuant to the Court's May 24, 2012 Order, Plaintiff Curtis Moore's ("Plaintiff" or "Moore") counsel, Defendant INX LLC ("INX") and Defendant Raymond E. Maybus (collectively "the parties") conferred regarding the discovery plan in this matter.  After consideration of the nature and basis of their respective claims and defenses, and the possibility of a settlement or resolution of this case, counsel agree on, and propose to the Court, the following discovery plan.

**Appropriate Discovery Completion Dates:**

1.     The parties do not anticipate any need to change the timing or form of their Rule 26(a) initial disclosures.  As Defendant Raymond E. Maybus was just recently brought into this suit, the parties will exchange by **June 18, 2012** the information required by Federal Rule of Civil Procedure 26(a)(1)(A)-(D).  The parties also believe that the following cutoff dates are appropriate for this case:

- Completion Of Non-Expert Discovery:  **January 30, 2013**
- Completion Of Expert Discovery:  **April 30, 2013**

**Anticipated Discovery**

2.     The parties do not believe that separate discovery phases are required.

3.     Prior to Plaintiff amending his Complaint to add the U.S. Secretary of the Navy as a Defendant, INX took Plaintiff's deposition as well as propounded one set of written discovery.  Plaintiff has taken the deposition of two INX employees and propounded one set of written discovery.

4.     The parties anticipate additional discovery will be needed on various issues raised by Plaintiff's Second Amended Complaint ("SAC"), including but not limited to discovery relating to the following subjects:

a.     Whether Moore was an employee of both INX, Inc. and the USMC while working at Camp Leatherneck Afghanistan, with IMEF (Fwd.).

b.     The facts underlying Moore's claim that he engaged in protected conduct by making a charge or participating in any manner in an investigation, proceeding, or hearing.

c.     Whether Moore was subject to retaliation.

d.      Whether Moore's complaints were a motivating factor of the adverse employment action against him.

e.      What motivated Defendants' actions regarding Moore.

f.      Whether and to what extent the alleged conduct of Defendants caused and/or contributed to Moore's alleged damages.

g.      The existence and present value of Moore's economic and non-economic damages, including stress caused by the incidents alleged in this action.

h.      Whether and to what extent Moore mitigated his damages.

i.      Whether the employment practices of which Moore complains were undertaken for lawful, valid reasons unrelated to Moore's protected activity.

j.      Whether Defendants would have undertaken the practices of which Moore complains absent discrimination or retaliation.

k.      Whether an enforceable employment contract existed between Moore and INX, and if so, whether INX and/or Moore performed their duties under the terms of Moore's employment with INX.

l.      Whether there is evidence supporting INX's affirmative defenses to Moore's breach of contract claims, including without limitation the affirmative defenses identified in INX's Answer to the SAC.

m.      Whether Moore was an at-will employee, and if not, whether there was nevertheless good cause for his termination.

5.      The parties' discovery is likely to include depositions, interrogatories, requests for production and inspection, and requests for admissions.  The parties will produce documents in either paper form, or on disk in PDF format.  The maximum number of interrogatories and admission requests shall be governed by the Court's local rules and the Federal Rules of Civil Procedure.

6.      The parties anticipate they will depose a total of up to 10 percipient witnesses.  As Defendant Raymond E. Maybus was just recently brought into this suit, prior depositions may need to be re-opened, or the witnesses re-deposed entirely, to allow for discovery by the new party.

Additionally, the parties plan to depose any expert witnesses designated in this matter. Plaintiff anticipates the need to depose Major James Robinson, USMC. INX also anticipates the need to participate at the future joint deposition of Plaintiff in order to question him regarding issues relating to his new claim under Title VII against INX and to address other issues potentially raised by counsel for Defendant Raymond E. Maybus. The parties do not presently anticipate exceeding the time limits on depositions set forth in the Federal Rules of Civil Procedure.

7.     The parties note that witnesses may no longer be in San Diego County due to their status as active-duty military servicemembers or former federal employees. Depositions of all current Marine Corps employees, both civilian and military, will generally be aboard Marine Corps Base Camp Pendleton. It is expected that out-of-town experts will be deposed out-of-town or at the law office of the sponsoring party's attorney. Out-of-town percipient witnesses will be dealt with individually (with efforts to reduce overall costs and inconvenience).

8.     In addition to the discovery noted above, INX also intends to request that Plaintiff submit to a psychiatric examination regarding his allegations that he suffered emotional distress resulting from INX's alleged conduct in this case.

9.     The parties recognize that sensitive military, business and/or personal information (including but not limited to personal information regarding federal and INX employees not party to this action) may need to be exchanged through discovery in this action. INX and Plaintiff have already entered into a stipulated Protective Order governing the exchange of sensitive information, which the Court signed on November 4, 2011. The parties anticipate submitting a Joint Motion adding Defendant Raymond E. Maybus as a party to the Protective Order currently in place between INX and Plaintiff.

10.     The parties recognize that during the prosecution and defense of this action documents produced to another party might inadvertently include materials subject to privilege or other legally recognized protection (hereinafter "privileged information") and therefore not subject to disclosure, despite due diligence and reasonable care taken to protect such privileged information. Inadvertent disclosure of privileged information shall not be deemed to constitute a waiver of the privilege. The parties agree that no party shall claim or otherwise urge the Court to deem a privilege

to have been waived solely on the basis of inadvertent disclosure.  If a party receives information that appears on its face to be privileged information inadvertently produced by another party, the receiving party shall notify the producing party and shall not refer to, quote, cite, rely upon, or otherwise use the information until the producing party has had an opportunity to object to the use of such information.  Recognizing that some documents in the parties' files may be privileged, if a party allows a limited inspection of its files, no waiver of any applicable privilege relating to a document is intended or implied by an agreement to allow limited inspection of a party's files.

**Estimated Time For Trial**

11.    The parties estimate that a total of seven (7) to ten (10) days will be required to conduct a trial in this case if it is tried before a jury.

**Efforts Made To Settle Case / Potential For Mandatory Settlement Conference**

12.    Plaintiff and INX attended an Early Neutral Evaluation ("ENE") conference on August 11, 2011 without success.  Following the ENE conference, INX made an offer of judgment under Federal Rule of Civil Procedure 68.  The Rule 68 expired on October 24, 2012 without any response from Plaintiff.

13.    After filing the SAC, Plaintiff substituted his former counsel, Kyle Yaege, with his current counsel, Blumenthal, Nordrehaug & Bhowmik.  On May 23, 2012, Plaintiff's new counsel filed a Motion to Withdraw as Attorneys of Record, which is currently set for hearing on June 29, 2012.  In the Motion, Plaintiff's counsel requests that the Court set a mandatory settlement conference prior to the hearing date on counsel's Motion to Withdraw.  On May 24, 2012, the parties participated in a telephonic case management conference, during which time the Court set another telephonic case management conference for 9:00 a.m. on June 14, 2012.  The parties also indicated that they would discuss the possibility of participating in a mandatory settlement conference prior to the June 14, 2012 case management conference.  Having conferred on this issue, the parties respective positions with regard to scheduling a mandatory settlement conference are as follows:

a.    <u>Defendant INX's Position</u>:  INX believes that reaching a settlement with Plaintiff is likely to be challenging based on the initial demands received from Plaintiff both before and after the May 24, 2012 telephonic case management conference.  Nevertheless, INX is willing to

participate in good faith in a mandatory settlement conference. INX respectfully requests, however, that any such settlement conference not be set until on or after July 13, 2012 due to scheduling concerns involving INX's corporate representative and counsel. INX further notes that it intends to file a notice of non-opposition to Plaintiff's pending Motion to Withdraw and is willing to participate in a settlement conference regardless of whether Plaintiff is represented by current counsel or otherwise.

    b. Defendant Raymond E. Maybus' Postion:   Defendant Raymond E. Maybus will work to focus issues and seek efficient scheduling of the case; however, Defendant Raymond E. Maybus does not believe settlement would be well-founded at this time, and requests reasonable discovery. As stated above, prior to Plaintiff's SAC, which added Raymond E. Maybus as a Defendant, INX took Plaintiff's deposition as well as propounded one set of written discovery. Plaintiff has taken the deposition of two INX employees and propounded one set of written discovery. Defendant Raymond E. Maybus has not had an opportunity to participate in meaningful discovery which he believes is necessary prior to a settlement conference.

    c. Plaintiff's Position:   Plaintiff is willing to participate in a mandatory settlement conference, but is concerned that if the settlement conference is heard after the hearing on Plaintiff's motion to withdraw that the discussions may be impeded by Plaintiff's lack of counsel.

### **"Complex" Matter Designation**

14.   Because this action only addresses issues between a single employee, his former employer and an alleged co-employer, this case is not complex, and does not require designation as complex.

### **Additional Parties**

15.   The parties do not currently anticipate that any additional parties will be added to the litigation

### **Anticipated Motions**

16.   INX intends to bring a motion for summary judgment. In addition, INX anticipates requesting in its notice of non-opposition to Plaintiff's Motion to Withdraw that Plaintiff either

1  identify new counsel or unequivocally indicate that he intends to proceed *pro se* within 60 days after

2  the Court's ruling.

3      17.    Defendant Raymond E. Maybus intends to bring a Motion to Dismiss; or in the

4  alternative, a Motion for Summary Judgment.

5      18.    Plaintiff's counsel has a Motion to Withdraw currently pending and set for hearing on

6  June 29, 2012.

7  <u>**Proposals Regarding Severance Or Bifurcation**</u>

8      19.    INX will seek to bifurcate any claim for punitive damages from the underlying action.

9  <u>**Miscellaneous Issues**</u>

10     20.    Depending on the Court's ruling on Plaintiff's counsel's pending Motion to

11  Withdraw, the parties recognize that scheduling and other issues addressed in this Amended Joint

12  Discovery Plan may need to be readdressed by the parties and the Court.

13  Dated: June 8, 2012

14

15                                          */s/ Aparajit Bhowmik*
                                            APARAJIT BHOWMIK
16                                          BLUMENTHAL, NORDREHAUG &
                                            BHOWMIK
17                                          Attorneys for Plaintiff
                                            CURTIS MOORE
18
    Dated: June 8, 2012
19

20                                          */s/ Joshua D. Levine*
                                            JEREMY A. ROTH
21                                          JOSHUA D. LEVINE
                                            LITTLER MENDELSON, P.C.
22                                          Attorneys for Defendant
                                            INX, INC.
23

24  Dated: June 8, 2012                     LAURA E. DUFFY
                                            United States Attorney
25
                                            */s/ Michael H. McCarthy*
26                                          MICHAEL H. McCARTHY
                                            Special Assistant United States Attorney
27                                          Attorneys for Defendant
                                            Raymond E. Maybus
28  Firmwide:112182370.2 059297.1014